# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DROGUERIA BETANCES, LLC,**<br>Plaintiff<br><br>v.<br><br>**YOUNG APPAREL EMPIRE, INC. AND MARK GAZOZ**<br>Defendants | Case No. |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff Droguería Betances, LLC, by and through the undersigned counsel, and hereby respectfully states, avers, and requests as follows:

### JURISDICTION AND VENUE

1. The Honorable Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. The jurisdictional threshold is met as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

3. Plaintiff Droguería Betances, LLC is a for profit company, organized and operating under the laws of the Commonwealth of Puerto Rico, with principal offices in Ave. Luis Muñoz Marin, Esq. Troche, Final Bo. Tomas de Castro, Caguas, PR 00725.

4. Plaintiff Droguería Betances, LLC is a Puerto Rico limited liability company wholly owned by DBI Management, LLC, which is wholly owned by Raúl Rodríguez-Font, an individual domiciled in Puerto Rico.

5. Defendant Young Apparel Empire, Inc. is a corporation organized and registered under the laws of the state of California.

6. Defendant Young Apparel Empire, Inc. has its principal place of business in the state of California.

7. Defendant Mark Gazoz is a natural person who is domiciled in the state of California.

8. The Honorable Court has personal jurisdiction over Defendants as they conducted business in Puerto Rico. *See, e.g., A.H. Thomas Co. v. Tribunal Superior*, 98 D.P.R. 883 (1970).

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## DEMAND FOR JURY TRIAL

10. Plaintiff invokes its Seventh Amendment right to a jury trial on all issues so triable as the value in controversy exceeds $20. *See* U.S. Const. amend. VII ("In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."); *see also* Fed. R. Civ. P. 38.

## THE PARTIES

11. Plaintiff Droguería Betances, LLC (hereinafter "Plaintiff" or "Droguería") is an enterprise with over 56 years of experience in the pharmaceutical and beauty business in Puerto Rico. Currently, among other ancillary services and products, Droguería is in the business of distributing pharmaceutical, beauty, and health products and operates hundreds of community pharmacies and hospitals in Puerto Rico and the Caribbean.

12. Defendant Young Apparel Empire, Inc. (hereinafter "YAE") is a California for-profit corporation, organized and operating under the laws of the State of California with a principal address at either 154 West 21st Street, Los Angeles, CA 90007 or 1616 South Los Angeles Street, Los Angeles, CA 90015.

13. Defendant Mark Gazoz (hereinafter "Mr. Gazoz") is the principal member, agent, or employee of YAE.

## FACTS IN SUPPORT OF CLAIMS

14. In or about March of 2020, COVID-19 was declared a global pandemic by the World Health Organization.

15. In or about December of 2021, the spread of the new COVID-19 variant, "Omicron," became the dominant strain in the United States, including Puerto Rico, which led to a shortage of at-home test kits.

16. As a result, Plaintiff immediately began its search for possible providers of at-home testing kits to be imported into Puerto Rico and distributed among its pharmacies and hospitals, as well as to other identified buyers on the island.

17. YAE, represented by its principal, Mark Gazoz, portrayed itself to Plaintiff as having access to and being able to provide a shipment of at-home COVID-19 testing kits within days.

18. Plaintiff is a merchant by virtue of the business it conducts.

19. YAE is a merchant by virtue of the business it conducts.

20. On January 11, 2022, Plaintiff completed a purchase order for the ordering of 7,560 units of iHealth's 2-piece, at-home testing kits ("Goods") from Plaintiff. The total purchase price of the Goods was one $149,310.00 ($19.75 per unit).

21. The purchase order states that the delivery date would be January 12, 2022, the day after it was completed.

22. The shipment schedule and the confirmation of having the Goods on the ground is the reason Plaintiff decided to pay an exorbitant price for the Goods.

23. Clause (1) of the Purchase Order states: "Upon receipt of confirmation of payment seller, YOUNG APPAREL EMPIRE, INC, commits and guaranties [sic] to provide the total amount of product requested on purchase order inmediatelly [sic], if seller fail [sic] to complete the order, is responsible for full refund of deposit, any changes incurred in the process, and any revenue lost in sales, in no more than 5 bussines [sic] days."

24. On the same day, YAE agreed to the conditions of the purchase order and submitted an invoice to Plaintiff for payment of the order. *See* Exhibit 1 (Invoice).

25. Plaintiff relied upon YAE's promise and ability deliver the 7,560 at-home COVID-19 testing kits within the agreed upon time and according to the agreed-upon terms and decided to move forward on said offer.

26. The very next day, on January 12, 2022, Plaintiff issued the wire transfer deposit payment on the agreed amount of $149,310.00. *See* Exhibit 2 (Wire Transfer Confirmation).

27. The timely receipt of these Goods was an essential element of the agreement.

28. The agreement was made at the height of the Omicron spread when there was a scarcity of publicly available tests.

29. As such, any delay would likely reduce the value of the Goods as the scarcity of tests can only be temporary.

30. In addition, the greater the length of any delay would increase the risk of the United States or Puerto Rico governments deciding to distribute free tests to everyone, which would effectively eliminate the market for the Goods.

31. It should also be noted that the Goods do not last forever and could expire before they could all be resold by Plaintiff.

32. YAE did not fulfill its obligation of delivering the 7,560 at-home covid tests on January 12, 2022, as agreed upon in the Purchase Order.

33. Nevertheless, Plaintiff granted YAE daily extensions up until January 16, 2022.

34. On January 16, 2022, Mr. Gazoz, YAE's principal officer, offered Plaintiff the option to cancel the order.

35. After internal discussions were held, Beatriz Galiano, Plaintiff's intermediary, requested the order's cancellation via text message directly to Mr. Gazoz, who confirmed the cancellation.

36. From January 18 to January 28, 2022, Ms. Galiano sent multiple email messages to Mr. Gazoz requesting the return of funds. *See* Exhibit 3 at pp. 5-9 (emails to Mr. Gazoz).

37. On January 28, 2022, Mr. Gazoz sent Plaintiff official documents confirming the funds will be in Plaintiffs' account by February 2, 2022, at the latest.

38. On February 1, 2022, Mr. Gazoz sent a "screenshot" to Ms. Galiano regarding the Wire Transfer he had scheduled from his Chase Bank account platform. *See* Exhibit 4 (wire transfer refund details).

39. However, Plaintiff never received any such refund.

40. On February 3, 2022, Plaintiff had yet to receive the return of funds. On the same day, Mr. Gazoz sent an email to Amarilis Goitia-Rosado, Plaintiff's Vice President and General Manager, apologizing for the inconvenience. *See* Exhibit 3 at pp. 4-5 (Mr. Gazoz email to Ms. Goitia-Rosado).

41. In the email, Mr. Gazoz blamed the iHealth factory for the delay, stated that the wire transfer was canceled due to lack of funds, and offered to provide a discount on the goods ordered. *Id.*

42. On February 23, 2022, Plaintiff agreed to Mr. Gazoz's request for two additional days to refund the money. *Id.* at p. 2.

43. Yet, Plaintiff has still not received the promised refund.

44. Defendants have ceased all forms of communications with Plaintiff since March 17, 2022.

45. Despite Defendants' many promises, Plaintiff has received nothing, no thing, not a thing.

46. At all relevant times, Defendants knew they were dealing with a company based in Puerto Rico, that they were communicating (either directly or through representatives) with people in Puerto Rico, that they received funds from Puerto Rico and that they were required to deliver these goods (or refund the received monies) to Puerto Rico.

47. Plaintiff is entitled to direct and consequential damages for Defendants' conduct.

48. Plaintiff has fulfilled and complied with all conditions precedent, prior to bringing this action.

## FIRST CLAIM FOR RELIEF

*Breach of Contract*

*Against YAE*

49. The allegations in paragraphs 1 to 48 are hereby re-alleged as if fully incorporated herein.

50. Plaintiff and YAE entered into a contract for YAE to deliver 7,560 at-home COVID-19 tests to Plaintiff on January 12, 2022, in exchange for payment in the amount of $149,310.00.

51. Plaintiff did all, or substantially all, of the essential things which the contract required it to do.

52. Plaintiff paid YAE the full amount of $149,310.00 pursuant to the terms of the contract.

53. All conditions required by the contract for YAE's performance had occurred.

54. YAE failed to do something essential which the contract required him to do.

55. After agreeing to deliver the Goods on January 12, 2022, YAE failed to comply.

56. Despite multiple extensions being provided, YAE still failed to comply.

57. Also, YAE breached the contract by failing to refund the money or reimburse Plaintiff for changes incurred in the process and lost revenue within the established 5-day deadline.

58. Moreover, YAE acted in bad faith in the performance of the contract by promising refunds and using other improper means to attempt to delay the performance of its obligations.

59. To this day, YAE has not returned or refunded any money to Plaintiff.

60. As a result of YAE's actions, Plaintiff lost its payment of $149,310.00, lost the opportunity to use that money for other profitable purposes, experienced loss of revenue from the potential sale of these Goods, and experienced other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter a judgment in its favor against YAE for compensatory and punitive damages, costs, prejudgment interest, attorneys' fees, and any other relief the court deems equitable and just under the circumstances.

## SECOND CLAIM FOR RELIEF

*Unjust Enrichment*

*Against YAE*

61. The allegations in paragraphs 1 to 48 are hereby re-alleged as if fully incorporated herein.

62. Plaintiff has acted licitly by conferring a benefit on YAE.

63. YAE is aware and has knowledge of the benefit Plaintiff conferred on it.

64. Plaintiff paid YAE $149,310.00 for the delivery of 7,560 at-home COVID-19 tests to Plaintiff on January 12, 2022.

65. YAE was enriched by Plaintiff by virtue of the money received.

66. YAE knowingly and voluntarily accepted and retained the benefit Plaintiff conferred.

67. Plaintiff experienced a corresponding loss of the money it paid YAE.

68. The circumstances render YAE's retention of the benefit inequitable unless it pays Plaintiff the value of the benefit.

69. There is no legal just cause that would justify YAE's enrichment or Plaintiff's corresponding loss.

70. After agreeing to deliver the Goods on January 12, 2022, YAE failed to comply.

71. Despite multiple extensions being provided, YAE still failed to comply.

72. Also, YAE breached the contract by failing to refund the money or reimburse Plaintiff for changes incurred in the process and lost revenue within the established 5-day deadline.

73. Moreover, YAE acted in bad faith by promising refunds and using other improper means to attempt to delay the performance of its obligations.

74. To this day, YAE has not returned or refunded any money to Plaintiff.

75. As a result of YAE's actions, Plaintiff lost its payment of $149,310.00, lost the opportunity to use that money for other profitable purposes, experienced loss of revenue from the potential sale of these Goods, and experienced other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter a judgment in its favor against YAE for compensatory and punitive damages, costs, prejudgment interest, attorneys' fees, and any other relief the court deems equitable and just under the circumstances.

## **THIRD CLAIM FOR RELIEF**

*Action to Recover Possession*

*Against YAE*

76. The allegations in paragraphs 1 to 48 are hereby re-alleged as if fully incorporated herein.

77. Plaintiff and YAE entered into a contract for YAE to deliver 7,560 at-home COVID-19 tests to Plaintiff on January 12, 2022, in exchange for payment in the amount of $149,310.00.

78. Plaintiff did all, or substantially all, of the essential things which the contract required it to do.

79. Plaintiff paid YAE the full amount of $149,310.00 pursuant to the terms of the contract.

80. All conditions required by the contract for YAE's performance had occurred.

81. YAE failed to do something essential which the contract required him to do.

82. After agreeing to deliver the Goods on January 12, 2022, YAE failed to comply.

83. Despite multiple extensions being provided, YAE still failed to comply.

84. Also, YAE breached the contract by failing to refund the money or reimburse Plaintiff for changes incurred in the process and lost revenue within the established 5-day deadline.

85. Moreover, both Defendants acted in bad faith in the performance of the contract by promising refunds and using other improper means to attempt to delay the performance of its obligations.

86. To this day, YAE has not returned or refunded any money to Plaintiff.

87. YAE retains the money paid by Plaintiff's funds even though YAE has no right over the funds.

88. YAE improperly possesses the $149,310.00 that rightfully belongs to Plaintiff.

89. As a result of YAE's actions, Plaintiff lost its payment of $149,310.00, lost the opportunity to use that money for other profitable purposes, experienced loss of revenue from the potential sale of these Goods, and experienced other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter a judgment in its favor against YAE to return the money paid by Plaintiff, in addition to compensatory and punitive damages, costs, prejudgment interest, attorneys' fees, and any other relief the court deems equitable and just under the circumstances.

### FOURTH CLAIM FOR RELIEF

*Fraud*

*Against both Defendants*

90. The allegations in paragraphs 1 to 48 are hereby re-alleged as if fully incorporated herein.

91. Plaintiff and YAE entered into a contract for YAEto deliver 7,560 at-home COVID-19 tests to Plaintiff on January 12, 2022, in exchange for payment in the amount of $149,310.00.

92. Plaintiff did all, or substantially all, of the essential things which the contract required it to do.

93. Plaintiff paid YAE the full amount of $149,310.00 pursuant to the terms of the contract.

94. All conditions required by the contract for YAE's performance had occurred.

95. YAE was under the obligation to perform on the contract.

96. Defendants deliberately and in bad faith breached these obligations.

97. After agreeing to deliver the Goods on January 12, 2022, YAE failed to comply.

98. Despite multiple extensions being provided, YAE still failed to comply.

99. Also, YAE breached the contract by failing to refund the money or reimburse Plaintiff for changes incurred in the process and lost revenue within the established 5-day deadline.

100. Moreover, both Defendants acted deliberately and in bad faith in the performance of the obligations by promising refunds and using other improper means to attempt to delay their compliance with their obligations.

101. Upon information and belief, the Defendants never had an intention to return the monies to Plaintiff. They were at all relevant times giving Plaintiff the runaround so they could improperly keep the received monies and transfer it to other bank accounts where Plaintiff would not have a clear path for recoupment.

102. Moreover, upon information and belief, after receiving the funds from Plaintiff, Defendants have since closed YAE and are no longer operating under such company.

103. To this day, neither YAE nor Mr. Gazoz have returned any of Plaintiff's communications or monies.

104. Upon information and belief, YAE became a subterfuge for Mr. Gazoz to receive Plaintiff's funds, direct them to another of his companies or bank accounts and cease operations through YAE so he would not have to respond to any of Plaintiff's demands.

105. As a result of Defendants' actions, Plaintiff lost its payment of $149,310.00, lost the opportunity to use that money for other profitable purposes, experienced loss of revenue from the potential sale of these Goods, and experienced other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter a judgment in its favor against Defendants for compensatory and punitive damages, costs,

prejudgment interest, attorneys' fees, and any other relief the court deems equitable and just under the circumstances.

## FIFTH CLAIM FOR RELIEF

*Tort*

*Against Mr. Gazoz*

106. The allegations in paragraphs 1 to 48 are hereby re-alleged as if fully incorporated herein.

107. Plaintiff and YAE entered into a contract for YAE to deliver 7,560 at-home COVID-19 tests to Plaintiff on January 12, 2022, in exchange for payment in the amount of $149,310.00.

108. Plaintiff did all, or substantially all, of the essential things which the contract required it to do.

109. Plaintiff paid YAE the full amount of $149,310.00 pursuant to the terms of the contract.

110. All conditions required by the contract for YAE's performance had occurred.

111. YAE was under the obligation to perform on the contract.

112. Mr. Gazoz knew that YAE was required to perform on its contract with Plaintiff.

113. Mr. Gazoz, acting intentionally and/or negligently, breached his duty by acting in an illicit manner.

114. Mr. Gazoz improperly promised refunds and used other improper means to attempt to delay the Defendants' compliance with their obligations.

115. Upon information and belief, Mr. Gazoz never had an intention to return the monies to Plaintiff. Mr. Gazoz was at all relevant times giving Plaintiff the runaround so

he could improperly keep the received monies and transfer it to other bank accounts where Plaintiff would not have a clear path for recoupment.

116.    Moreover, upon information and belief, after receiving the funds from Plaintiff, Mr. Gazoz has since closed YAE and is no longer operating under such company.

117.    To this day, Mr. Gazoz has not returned any of Plaintiff's communications or monies.

118.    Upon information and belief, YAE became a subterfuge for Mr. Gazoz to receive Plaintiff's funds, direct them to another of his companies or bank accounts and cease operations through YAE so he would not have to respond to any of Plaintiff's demands.

119.    As a result of Mr. Gazoz's actions, Plaintiff lost its payment of $149,310.00, lost the opportunity to use that money for other profitable purposes, experienced loss of revenue from the potential sale of these Goods, and experienced other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter a judgment in its favor against Defendants for compensatory and punitive damages, costs, prejudgment interest, attorneys' fees, and any other relief the court deems equitable and just under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE**, in view of foregoing, Plaintiff respectfully requests and prays for judgement in its favor against Defendants as follows:

A. Ordering Defendants to pay Plaintiff for all compensatory and punitive damages it experienced,

B. Ordering Defendants to return the money paid by Plaintiff.

C. Ordering Defendants to pay all costs, attorneys' fees, and prejudgment interest, and

D. Ordering any further relief that the Court deems equitable and just under the circumstances.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on this 29th day of July, 2022.

**DMRA Law LLC**
Centro Internacional de Mercadeo
Torre 1, Suite 402
Guaynabo, PR 00968
Tel. 787-331-9970

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

*s/ Carlos J. Andreu Collazo*
Carlos J. Andreu Collazo
USDC-PR No. 307214
Carlos.Collazo@DMRALaw.com

*s/ Manuel Franco*
Manuel Franco
USDC-PR No. 302406
Manuel.Franco@DMRALaw.com