THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DROGUERIA BETANCES, LLC**

    *Plaintiff*,

v.

**YOUNG APPAREL EMPIRE, INC.
AND MARK GAZOZ,**

    *Defendants.*

Civ. No. 22-01362 (MAJ)

**OPINION AND ORDER**

### I. Introduction

On July 29, 2022, Plaintiff Droguería Betances, LLC ("Plaintiff" or "Droguería Betances") filed the above-captioned Complaint against Defendants Young Apparel Empire, Inc. ("YAE"), and Mark Gazoz ("Gazoz") (collectively referred to as "Defendants") asserting claims of breach of contract, unjust enrichment, and action to recover possession against Defendant YAE. (**ECF No. 1**). Plaintiff also asserted tort claims against Defendant Gazoz, and fraud against both Defendants. *Id*. Defendants did not answer or otherwise defend against the Complaint. On March 14, 2023, Plaintiff moved for Default Judgment. (**ECF No. 36**).

On March 30, 2023, the Court granted Plaintiff's Motion for Default Judgment and found Defendants liable for $149,310 in damages. (**ECF No. 37**). On May 12, 2023, after holding a damages hearing, the Court also granted Plaintiff's request for lost profits in the amount of $44,793, and $12,098.48 for the interest it has accrued on its line of credit. (**ECF No. 40 at 7**). On June 20, 2023, the Court entered a final judgment in favor of

Plaintiff. (**ECF No. 41**). Pending before the Court is Plaintiff's Motion for Attorneys' Fees. (**ECF No. 49**). For the reasons stated hereafter, the Court **GRANTS** Plaintiff's Motion.

## II. Applicable Law

"Under the well-established 'American Rule,' attorneys' fees are not recoverable by a party unless statutorily or contractually authorized. However, a court possesses inherent equitable powers to award attorneys' fees against a party that 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Mullane v. Chambers*, 333 F.3d 322, 337–38 (1st Cir. 2003). When a Court's jurisdiction is based on diversity of the parties however, an award of attorneys' fees is governed by the applicable state law.[1] *IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 451 (1st Cir. 2010) (citing *B. Fernández & Hnos., Inc. v. Kellog USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008)). Because this Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, we apply Puerto Rico law to this issue. *See Correa v. Cruisers, a Div. of KCS Intern., Inc.*, 298 F.3d 13, 22 (1st Cir. 2002) (first citing *Erie R. Co. V. Tompkins*, 304 U.S. 64 (1938); and then citing *Fitzgerald v. Expressway Sewerage Cosntr., Inc.*, 177 F.3d 71, 74 (1st Cir. 1999)).

In Puerto Rico, Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure governs the imposition of attorneys' fees. P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d); *see also IOM Corp.*, 627 F.3d at 451 (citing *Corpak, Art Printing v. Ramallo Brothers*, 125 D.P.R. 724 (1990)). Rule 44.1(d) permits attorneys' fees "only where a 'party or its lawyer has

---

[1] Under 28 U.S.C. § 1367(e) "the term 'State' includes . . . the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e). *Pérez Arritola v. García Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1 (D.P.R. Mar. 27, 2023).

acted obstinately or frivolously.'" *Aponte Bermudez v. Berrios*, 15-cv-1034, 2020 WL 1692619, at *1 (D.P.R. Apr. 6, 2020) (quoting P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d) and Rule 44.3); *see also* P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d). "Once the court makes the threshold determination of obstinacy or frivolousness, imposition of attorneys' fees is mandatory." *IOM Corp.*, at 451–52 (citing *Correa*, 298 F.3d at 30).

"In order for the Court to find that the losing party has been 'obstinate,' it must find that the party has been 'unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay.'" *Lincoln Rd. Productions, Inc. v. Reign Ent. Group*, 12-1895, 2014 WL 6893663, at *2 (D.P.R. Dec. 5, 2014) (quoting *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 126-127 (1st Cir. 1991)). "The award of attorneys' fees to the prevailing party depends exclusively on the decision of the presiding judge with regard to whether or not the losing party, or his counsel, acted in a frivolous or obstinate manner." *IOM Corp.*, at 452 (internal citations and quotations omitted); *C-Fuels, LLC v. Puma Energy Caribe LLC*, 19-cv-2057, 2021 WL 4592286, at *1 (D.P.R. Feb. 25, 2021) (The "determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court.") (internal citations and quotations omitted). Importantly, "[t]he purpose of these rules is to penalize 'a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation.'" *Gomez v. Rodriguez-Wilson*, 819 F.3d 18, 24 (1st Cir. 2016) (internal citation omitted); *IOM Corp.*, at 452 ("The general standard is that attorneys' fees should be imposed in actions which result in a litigation that could have

been avoided, which prolongs it needlessly, or that obliges the other party to embark on needles procedures." (internal citations and quotations omitted)).

> The degree or intensity of the obstinate or frivolous conduct is the . . . determining . . . factor when calculating the attorneys' fees . . . . In addition, the court may consider factors such as the nature of the action, the questions of law involved, the amount at issue, the time spent, the efforts and professional activity needed for the case, and the skills and reputation of the lawyers involved.

*IOM Corp.*, at 451–52 (quoting *Corpak, Art Printing*, 125 D.P.R. at 724). Accordingly, "[t]he amount of fees may not be automatically determined by simply looking at what the prevailing party paid, without taking into consideration the degree of obstinacy displayed by the losing party, as well as the above-mentioned factors." *Renaissance Mktg., Inc. v. Monitronics Int'l., Inc.*, 673 F. Supp. 2d 79, 85 (D.P.R. 2009) (internal citations and quotations omitted). Thus, "fee-shifting methodologies—such as the 'lodestar method'— that allow courts to determine the attorneys' fees award by multiplying the number of hours reasonably expended in defending a case by a reasonable hourly fee, regardless of the degree or intensity of the losing party's obstinate or frivolous conduct, are not available under Puerto Rico law." *IOM Corp.*, at 452. However, a court

> . . . is not precluded from deciding that—pursuant to a *proper* analysis under Rule 44.1(d)—the losing party must bear an attorneys' fees award that matches the attorneys' fees requested by the winning party, even if such amount coincides with what would otherwise be imposed if the court had calculated the award by using the "lodestar method."

*Id*. at 453 (emphasis in original).

### III. Analysis

As an initial matter, Plaintiff asserts their claim for attorney's fees under the bad faith exception to the "American Rule." In so arguing, Plaintiff primarily submits that Defendants acted in bad faith prior to and during the litigation of this case. (**ECF No. 49**

**at 1**). "As such, the Defendants forced [Plaintiff] to needlessly incur significant litigation expenses that could have been easily avoided." *Id.* at 1-2. In support, Plaintiff cites Defendants' repeated halting of all communications, despite Plaintiff's good-faith willingness to engage in settlement negotiations. *Id.* at 4-5.

However, as mentioned, when a court's jurisdiction is based on diversity, "a district court's award of attorneys' fees is governed by relevant state law, in this case, Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure." *IOM Corp.,* at 451 (citing *B. Fernández & Hnos., Inc.,* 516 F.3d at 28). Accordingly, a finding of obstinacy or frivolity is required. P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d). Regardless, Plaintiff prevails under either standard.

In the case at hand, Plaintiff entered into an agreement with Defendants for the purchase of 7,560 units of Covid-19 testing kits. (**ECF No. 49 at 2**). The testing kits were agreed to cost $149,310.00. *Id.* Defendants were to deliver the kits on January 12, 2022. *Id.* The parties also agreed that should Defendants fail to complete the order, Defendants were responsible for providing a full refund to Plaintiff within five business days. *Id.*

Ultimately, the testing kits were never delivered, nor did Defendants refund the amount paid. *Id.* at 3. Following several back-and-forth communications, Plaintiff extended the refund deadline to February 23, 2022. *Id.* at 4-5. However, Defendants ceased all communication, and Plaintiff was forced to retain counsel and file the instant action. *Id.* at 5.

In the course of the litigation, Defendants' lack of cooperation continued. In the instant motion, Plaintiff submits that in early December 2022, it was in contact with Defendants' then counsel to submit a joint motion to the Court "stating that they agreed to stay proceedings and withhold any filings for 30 days to exhaust settlement

possibilities."[2] *Id.* at 6. However, Defendants' counsel thereafter filed a Motion to Withdraw, stating that Defendants requested the firm withdraw as its counsel. (**ECF No. 21 at 1**). Thereafter, Plaintiff contends Defendants once again, ceased all communication. (**ECF No. 49 at 6**).

Afterwards, on March 3, 2023, prior to the Court's Order granting Plaintiff's Motion for Default Judgment and the damages hearing held on April 27, 2023, Plaintiff asserts Defendants reached out to it directly "requesting a call or meeting in order to discuss the possibility of reaching a settlement agreement." *Id.* at 7. Plaintiff attaches the email correspondence to their motion, in which Defendants confirm they are available to meet on March 15, 2023, at 2:00 pm. (**ECF No. 49-3 at 1**). Thereafter, Plaintiff asserts, and the email chain corroborates, that Plaintiff was unable to reach Defendants during the scheduled meeting, and all communication was halted yet again. *Id.*; (**ECF No. 49 at 7**). Accordingly, Plaintiff was forced to move forward with the case and appear at the damages hearing on April 27, 2023. (**ECF No. 49 at 7)**.

By entering default judgment in favor of Plaintiff, the Court found that Defendants had failed to fulfill their contractual obligation to deliver the testing kits or provide a refund for failing to do so. Defendants' complete lack of communication left Plaintiff with no recourse but to commence the instant litigation. This resulted in Plaintiff taking on burdensome legal costs, time, and effort. Accordingly, the Court finds that Defendants' conduct was obstinate, as it ". . . forced Plaintiff to needlessly assume the costs, efforts, and inconveniences of [] litigation." *Lincoln Rd. Productions, Inc.,* 2014 WL 6893663, at *3 (internal citations and quotations omitted). As mentioned, once the Court determines

---

[2]   Plaintiff attached the email correspondence demonstrating such to the instant motion. (**ECF No. 49-2 at 1**).

a party is obstinate, "imposition of attorneys' fees is mandatory." *IOM Corp.,* at 451–52 (citing *Correa*, at 30).

Here, Plaintiff is requesting an award of $12,817.75 in attorneys' fees, for litigating this matter, which represents their entire legal costs for the litigation. (**ECF No. 49 at 11**). However, the Court finds this sum excessive.[3] Though Defendants were indeed obstinate, the nature of the cause of action, questions of law involved, and seventeen years of combined experience between Plaintiff's attorneys does not lend to awarding this high of an amount. *Id.* at 10; *see also Cristobal-Torres v. Cristobal-Torres*, 18-cv-1829, 2019 WL 5265274, at *2 (D.P.R. Oct. 17, 2019) ("[F]ee awards must be commensurate to that amount which, in the opinion of the court, reasonably represents the value of the legal services, considering the degree of obstinacy or frivolousness and other circumstances of the case . . ." (internal citations and quotations omitted)). Simply put, in this case, "the time, effort, and professional activity needed . . . cannot be adequately characterized as substantial." *Renaissance Mktg., Inc.,* 673 F. Supp. 2d at 85.

Moreover, as indicated, "the amount of fees may not be automatically determined by simply looking at what the prevailing party paid, without taking into consideration the degree of obstinacy displayed by the losing party, as well as the above-mentioned factors." *Id.* (internal citations and quotations omitted); *Cristobal-Torres*, 2019 WL 5265274, at *2 n.2. ("[U]nder Puerto Rico law, attorneys' fees are not meant to compensate a litigant for the total costs incurred in the lawsuit." (citing *IOM Corp.*, at 452)). In sum, the Court has "considerable discretion in determining the amount of attorneys' fees to be bestowed." *Rivera v. LifeLink Found., Inc.*, 255 F. Supp. 3d 327, 333 (D.P.R. 2017)

---

[3] In so requesting, Plaintiff asks the Court to apply the "lodestar" method, which as previously established, is not available under Puerto Rico law for purposes of this case. *IOM Corp*, at 452; (**ECF No. 49 at 9**).

(quoting *Dopp v. Pritzker*, 38 F.3d 1239, 1252 (1st Cir. 1994)). In accordance with that discretion, the Court awards Plaintiff $8,000 in attorneys' fees.

## IV.   Conclusion

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees (**ECF No. 49**) in the amount of $8,000.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25TH day of September, 2023.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**