THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DROGUERIA BETANCES, LLC,**

    *Plaintiff*,

v.

**YOUNG APPAREL EMPIRE, INC.,** *et al.*,

    *Defendants*.

Civ. No. 22-01362 (MAJ)

## OPINION AND ORDER

### I.    Introduction

On June 20, 2023, the Court granted Plaintiff Droguería Betances, LLC Final Default Judgment against Defendant Young Apparel Empire, Inc. and Defendant Mark Gazoz. (**ECF No. 41**). On November 15, 2023, Plaintiff filed a "Motion to Amend/Correct Final Default Judgment" pursuant to Fed. R. Civ. P. 60(a). (**ECF No. 59**). Plaintiff requested that the Court amend the final judgment to reflect the proper name of Defendant Young Apparel Empire, Inc. in the body of the Judgment, which the Court referred to as "Young Apparel Empire, LLC," as well as include the newfound proper name of Defendant Mark Gazoz, "Mark Manshoory." (**ECF No. 59**). On November 17, 2023, the Court granted Plaintiff's request to change "Young Apparel Empire, LLC" in the body of the Judgment to "Young Apparel Empire, Inc." in accordance with the case caption. (**ECF No. 60**). However, the Court denied without prejudice Plaintiff's request to amend the Judgment to include "Mark Manshoory." (**ECF No. 60**). The Court instead ordered Plaintiff to file any evidence linking Defendant Mark Gazoz to the name "Mark Manshoory.". (**ECF No. 60**). On November 29, 2023, Plaintiff filed a Motion in

Compliance with said Order. (**ECF No. 61**). The Court held the Motion in abeyance and ordered Plaintiff to provide further evidence that Defendant Mark Gazoz and "Mark Manshoory" were the same person by December 15, 2023. (**ECF No. 62**). Presently before the Court is Plaintiff's Motion in Compliance with said Order. (**ECF No. 63**).

## II. Applicable Law and Analysis

Fed. R. Civ. P. 60(a) "allows a district court to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. [Importantly,] [a] Rule 60(a) motion may only be granted where the judgment failed to reflect the court's intention." *Ainooson v. Gelb*, 14-cv-1077, 2015 WL 13926884, at *1 (1st Cir. Apr. 13, 2015) (internal citations and quotations omitted). Though the First Circuit has yet to address this exact issue, numerous courts across the nation have amended judgments under Fed. R. Civ. P. 60(a) to correct misnomers, pseudonyms, and aliases. *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1140, 1149 (D.N.M. 2021) ("the Court concludes that it may apply [Rule] 60(a) to correct the misnomer in the Default Judgment by adding this [d]efendant's pseudonyms . . ."); *Dubon v. Delmas Meat & Fish*, No. 09-cv-20298, 2011 WL 1703179, at *2 (S.D. Fla. Apr. 25, 2011) (holding same); *Mitchell Repair Info. Co., LLC v. Rutchey*, 08-cv-500, 2009 WL 3242093, at *2 (W.D. Wash. Oct. 2, 2009) ("It has been this Court's intention at all times to hold [the] [d]efendant, the operator of the infringing website, liable to [the plaintiff] regardless of [the] [d]efendant's names or aliases. Thus, it is appropriate to correct the judgment in this case to reflect [the] [d]efendant's true name . . ."); *PacifiCorp Capital, Inc. v. Hansen Properties*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) ("By this time, it is plain that misnomers with respect to parties may be corrected pursuant to [Rule 60(a)]").

In *U.S. v. Bealey*, the U.S. Court of Appeals for the Federal Circuit stated that "the mere correction of a misnomer clearly falls within the scope of Rule 60(a)." 978 F.2d 696, 699 (Fed. Cir. 1992). In affirming a collateral but related issue, it stated that the mere correction of a misnomer is "immaterial," as the "result of the judgment is the same, the rationale supporting the judgment is the same, and the actual parties to the judgment are the same, although one party's pseudonyms have now been added." *Id*.

Similarly, in *Robinson v. Sanctuary Music*, the Second Circuit held that "a misnomer may be corrected when [the] plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant." 383 F. App'x 54, 57 (2d Cir. 2010). The Second Circuit stated that there are three important factors to consider in making this determination: (1) whether plaintiffs identified the defendant in several ways; (2) the defendant's correct address appeared on the complaint; and (3) the complaint listed a corporate entity with a name similar to the defendant's when the defendant's actual name was not readily discernable. *Id*. at 58 (citing *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990)).

In compliance with the Court's first order requesting evidence linking Defendant Mark Gazoz to "Mark Manshoory," Plaintiff submitted screenshots from a service called "RocketReach." (**ECF No. 61**). The screenshots indicate that "Mark Manshoory" is the Chief Executive Officer of an entity named "Gazoz, Inc.," which operates out of the same address as Defendant Young Apparel Empire, Inc.[1] (**ECF No. 16**); (**ECF No. 61-1**). Plaintiff argues this would explain the email Defendant Mark Gazoz used in prior correspondence, which is "mark@gazoz.com." (**ECF No. 61**); (**ECF No. 1-3**).

---

1   What is RocketReach? *https://knowledgebase.rocketreach.co/hc/en-us/articles/360005096853-What-Is-RocketReach-*.

Accordingly, Plaintiff maintains that "Mark Gazoz" is actually "Mark Manshoory," and requested the Judgment be amended to reflect as much. (**ECF No. 61 at 2**). The Court found Plaintiff's reliance on "RocketReach" alone to be insufficient to support its proposition that Defendant Mark Gazoz is in fact "Mark Manshoory." (**ECF No. 62**). Accordingly, the Court held the Motion in Compliance in abeyance and gave Plaintiff an additional two weeks to submit further evidence to support their proposition. *Id.*

On December 15, 2023, Plaintiff submitted a second Motion in Compliance with further evidence supporting their contention that Defendant Mark Gazoz and "Mark Manshoory" are the same person. (**ECF No. 63**). Attached to Plaintiff's second Motion in Compliance are: (1) the articles of incorporation of Defendant Young Apparel Empire, Inc. listing the corporate address as 1616 S Los Angeles St., Los Angeles, California, 90015; (2) the articles of incorporation of Gazoz, Inc. listing the same address as Defendant Young Apparel Empire, Inc.; (3) information from the website "All Biz" which indicates "Mark Manshoory" as the Vice President of "Gazoz, Inc." and his email as "mark@gazoz.com" (the same email used by Defendant Mark Gazoz in this case); and (4) the LinkedIn profile of "Mark GAZOZ" which states he is the CEO at Gazoz International Apparel Inc. (**ECF No. 63**).

In reviewing this additional evidence, the Court is persuaded that Plaintiff did not select the wrong defendant when it named "Mark Gazoz" in their Complaint, but rather mislabeled the "right defendant." *Robinson*, 383 F. App'x 54 at 58. As described below, all three factors outlined by the Second Circuit in *Robinson* support this finding. *Id.*

First, Plaintiff indicated Defendant Mark Gazoz is the "principal member, agent, or employee of [Young Apparel Empire]" in its Complaint. (**ECF No. 1 at 3 ¶ 13**). Both "RocketReach" and "All Biz" list "Mark Manshoory" as upper management of Gazoz, Inc.,

which operates out of the same address as Defendant Young Apparel Empire, Inc. As mentioned, this would also explain why the email address Defendant Mark Gazoz used was "mark@gazoz.com." Accordingly, in line with *Robinson*, Plaintiff adequately identified Defendant Mark Gazoz in several different ways, and submitted sufficient evidence to corroborate this assertion. *Id.*; *Robinson*, 383 F. App'x at 58.

With regards to the second *Robinson* factor, Plaintiff did list the proper address in the Complaint of who they intended to sue. (**ECF No. 1 at 2**). That being, 1616 S Los Angeles St., Los Angeles, California, 90015, which is the address of both Defendant Young Apparel Empire, Inc. and Gazoz, Inc., which appear to be connected. *Id.*

Third, though the instant matter does not pertain to a corporate entity, as Defendant Young Apparel Empire, Inc. was properly named, there is a clear connection and similarity between the name "Gazoz" and the intended Defendant "Mark Manshoory." The Court finds that at the time of filing, Defendant Mark Gazoz's name was not readily discernable, and is similar enough to "Mark Manshoory" when contextualized with the above-mentioned evidence.

Moreover, Plaintiff made contact with whom they intended to sue, as evidenced by their correspondence with Defendant Mark Gazoz a/k/a Mark Manshoory both personally and through his former legal representation. (**ECF No. 1-3**); (**ECF No. 49-1, 2, 3**). At no point during either correspondence did Defendant Mark Gazoz a/k/a Mark Manshoory contest the fact he was the proper party, choosing instead to have his legal representation withdraw and cease all forms of communication with Plaintiff. (**ECF Nos. 21, 49**). Simply put, "[a]n individual cannot protect assets or shield himself from liability simply by using a pseudonym." *Mitchell Repair Info. Co.,* 2009 WL 3242093, at *3.

Accordingly, from all of this evidence, the Court can glean that "[h]ad this [misnomer] been corrected earlier, no other persons would have been served in the action. No others would have appeared before the court." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 516 (6th Cir. 2016) (citing *Fluoro Electric Corp. v. Branford Associates*, 489 F.2d 320, 326 (2d Cir. 1973)). Therefore, amending the judgment to reflect "Mark Manshoory a/k/a Mark Gazoz" is permissive under Fed. R. Civ. P. 60(a), as the "result of the judgment is the same, the rationale supporting the judgment is the same, and the actual parties to the judgment are the same, although one party's pseudonyms [will] now be[] added." *Bealey*, at 699; *see also Villegas v. Rashid*, 19-cv-6440, 2023 WL 5505033, at *2 (C.D. Cal. Feb. 2, 2023) ("Correcting [this one] clerical error[] will not cause a substantive change in the nature of the Judgment, does not require a legal analysis, and is therefore proper under Rule 60(a).").

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion in Compliance (**ECF No. 63**) under Fed. R. Civ. P. 60(a). A judgment reflecting "Defendant Mark Manshoory a/k/a Mark Gazoz" will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of January, 2023.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**